IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL BRANDON ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:11-cv-741 |
| ) | |
| DAVID OSBORNE, Warden, ) | Judge Trauger |
| ) | |
| Respondent. ) | |

**ORDER**

Petitioner Michael Brandon Adams is a prisoner currently housed at the Morgan County Correctional Complex in Wartburg, Tennessee. He has submitted a *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus (ECF No. 1) supported by an Affidavit (ECF No. 2), along with an application to proceed *in forma pauperis* (ECF No. 3).

As it appears from the petitioner's application that he cannot afford to pay the filing fee, the application to proceed as a pauper (ECF No. 3) is **GRANTED**, and the Clerk of Court is **DIRECTED** to file the petition *in forma pauperis*. 28 U.S.C. § 1915(a).

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, this court must promptly undertake a preliminary review of the habeas corpus petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Gov'g § 2254 Cases; *see also* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

The petition in the present case does not attack the petitioner's underlying conviction or sentence on the basis that either violates the Constitution or federal law; rather, the petition addresses only the petitioner's conditions of confinement. Adams, in fact, wrote across the heading of his § 2254 petition form, "Conditions of Confinement." (ECF No. 1, at 1.) More specifically, Adams asserts in the Affidavit submitted in support of his petition that he is challenging the reclassification of his custody security level from "minimum restricted custody" to "close custody," as a result of which he has been placed on Administrative Segregation (Maximum Security). Because he is now on Maximum Security, his telephone and recreation privileges have been

severely restricted, his personal property has been confiscated, he has been denied sentence and work credits, and he has been removed from a culinary arts vocational class. (ECF No. 2, at 1, 6.) Adams alleges that the reclassification was in retaliation for his having submitted grievances and that it was done in contravention of prison policy and in violation of his constitutional due-process rights. In addition, Adams asserts claims under the First Amendment for interference with his right to practice his religion (Sunni Muslim), and denial of his Eighth Amendment rights in that prison officials are ignoring his documented dietary allergies and sending him food that is not consistent with his dietary restrictions.

Claims concerning the conditions of confinement are not cognizable in a habeas action under § 2254. Rather, a person "in custody pursuant to the judgment of a State court" may be entitled to relief under that provision "only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). In essence, a habeas corpus action is a challenge to the very fact or duration of confinement, and the purpose of the writ is to effect an immediate or speedier release from that confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The petitioner's allegations are not an attack on his criminal convictions, nor does he seek an immediate or speedier release from custody. Consequently, it plainly appears from the face of Adams' petition and his affidavit that he is not entitled to relief under § 2254.

Although Adams' action may not be brought in the context of an application for habeas corpus relief, he does raise claims that may be cognizable under the Civil Rights Act, 42 U.S.C. § 1983. A civil rights action may be brought by a person who has been deprived of any rights, privileges, or immunities secured by the Constitution by a person acting under color of state law. The court, however, will not construe the petition as a complaint under § 1983. *Cf. Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (holding that district courts should not recharacterize an apparent habeas petition as a civil rights claim). The court finds that doing so would potentially be prejudicial to the petitioner because the filing fee for a § 1983 complaint is $350 rather than $5. Although the petitioner's application to proceed *in forma pauperis* has been granted, if the court were to construe the petition as a complaint under § 1983, such would require full payment of the $350 fee from Adams' prison trust fund account in installments, under the procedure prescribed by 28 U.S.C. § 1915(b). The petitioner should have the choice whether to pursue that course.

Accordingly, for the reasons stated, the court concludes that Adams has failed to state a claim upon which federal habeas relief may be granted in his § 2254 petition. The petition is therefore **DISMISSED WITHOUT PREJUDICE** to the petitioner's ability to refile under § 1983. The court makes no determination as to the merits of such a complaint.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge